DIANE KREBS
DKREBS@GORDONREES.COM

# GORDON & REES LLP

ATTORNEYS AT LAW
90 BROAD STREET, 23RD FLOOR
NEW YORK, NY 10004
PHONE: (212) 269-5500
FAX: (212) 269-5505
WWW.GORDONREES.COM

November 6, 2008

**VIA ECF**
The Honorable Frederic Block
Senior United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: Roy Den Hollander v. Deborah Swindells Donovan, et al.
     <u>Case No. 08-CV-4045 (FB)(CLP)</u>

Dear Judge Block:

   We represent defendant Deborah Swindells Donovan ("Donovan") in the above-entitled matter. In accordance with Your Honor's rules, we write to request a pre-motion conference to allow us to file a motion to dismiss Plaintiff's Complaint ("Complaint").[1] Accordingly, we submit this letter in lieu of a motion pursuant to Fed. R. Civ. P. 12(b).

   Plaintiff Roy Den Hollander filed this lawsuit on October 3, 2008. He alleges that Donovan infringed copyrights to six essays he authored ("the six essays") when she uploaded them onto the ECF system in *Hollander v. Copacabana Nightclub et al.*, 07-cv-05873 (MGC)(KNF) (S.D.N.Y. June 21, 2007) ("*Hollander I*"), a lawsuit in which one of the defendants retained Donovan as counsel. During the litigation, Donovan proffered the six essays as exhibits in a declaration opposing Plaintiff's motion to disqualify Senior District Judge Miriam G. Cedarbaum, and to rebut Plaintiff's accusations that Judge Cedarbaum was gender-biased. The six essays on which Plaintiff's lawsuit is predicated are annexed to his Complaint. At this time, we anticipate the bases for our motion as outlined below.

   1. Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction because Plaintiff's alleged copyrights have not been registered with the United States Copyright Office, which under Section 411(a) of the Copyright Act, 17 U.S.C. § 411(a), is a prerequisite to suit. That section provides that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."

   The registration requirement is jurisdictional. *See, e.g., In re Literary Works in Elec. Databases Copyright Litig. v. Thomson Corp.*, 509 F.3d 116, 121 (2d Cir. 2007) ("[w]hether

---

[1] While we recognize that Your Honor's rule only seems to require such a letter if the plaintiff is represented by counsel, this office was informed by your Judicial Assistant that we should follow the rule because plaintiff, although proceeding *pro se*, is an attorney.

The Honorable Frederic Block
November 6, 2008
Page 2

this requirement is jurisdictional is not up for debate in this Circuit. On two recent occasions, we have squarely held that it is"). A plaintiff can demonstrate compliance with this prerequisite by either attaching to the Complaint the Certificates of Registration issued by the U.S. Copyright Office, or identifying the copyrighted material with Copyright Registration numbers. See *Conan Properties, Inc. v. Mattel, Inc.*, 601 F. Supp. 1179, 1182-1183 (S.D.N.Y. 1984) (dismissing infringement claims unsupported by copyright registration certificates or registration numbers). Because Plaintiff has done neither, this Court is without subject matter jurisdiction to adjudicate the infringement claims, and they must be dismissed.

2.     In addition, Plaintiff's Complaint should be dismissed because Donovan's use of the six essays qualified as a "fair use" under the Copyright Act. See 17 U.S.C. § 107 ("… the fair use of a copyrighted work … is not an infringement of copyright"). Courts determine whether the use of copyrighted material qualifies as a fair use by utilizing a four-factor test enumerated in the Copyright Act:

> (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit education purposes; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the effect of the use upon the potential market for or value of the copyrighted work.

*Id.* Although a defendant bears the burden of proving fair use, he or she need ***not*** establish that each factor weighs in his or her favor. *NXIVM Corp. v. The Ross Inst.*, 364 F.3d 471, 476-477 (2d Cir. 2004); see also, *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 579 (1994) (fair use factors can not "be treated in isolation, one from another. All are to be explored, and the results weighed together, in light of the purposes of copyright.").

Nevertheless in this case, all four factors do weigh in Donovan's favor: First , Donovan's use of the six essays was non-commercial, and for a narrow and transformative purpose – to show the flawed rationale underpinning Plaintiff's motion to disqualify Judge Cedarbaum on the grounds of gender bias. See *Lennon v. Premise Media Corp.*, 556 F. Supp. 2d 310, 321-325 (S.D.N.Y. 2008) (the first factor points toward fair use where the work is invoked for the purposes of criticism or comment). Second, the six essays are commentary and opinion and are thus accorded lesser copyright protection than works of fiction or fantasy. *Id.* at 325. Moreover, the very appearance of the six essays demonstrates they were published on an Internet website on which readers could post comments, which points toward a finding of fair use under the second factor. See *Getaped.com, Inc., v. Cangemi*, 188 F. Supp. 2d 398, 402 (S.D.N.Y. 2002) (a webpage is "published" within the meaning of the Copyright Act when it goes live on the Internet).

Third, although Plaintiff avers that the six essays are part of a larger work, he fails to present any evidence supporting this assertion. Finally, it cannot be said that the potential market for or value of the six essays has diminished as a result of their use in *Hollander I*. Indeed, in a case with similar facts, the Fourth Circuit endorsed the observation of the district court that the use of a copyrighted work in a judicial proceeding "increases the value of the work in a perverse way, but it certainly doesn't decrease it." *Bond v. Blum*, 317 F.3d 385, 396-397 (4th Cir. 2003), *cert. denied*, 540 U.S. 820 (2003).

The Honorable Frederic Block
November 6, 2008
Page 3

    That the use of copyrighted material in a judicial proceeding constitutes fair use is specified in the legislative history of the Copyright Act, has been recognized by the Supreme Court, and was endorsed by the leading treatise on copyright law. *See Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 479 n.29 (1984) (noting that the Senate and House reports on the Copyright Act listed as an example of fair use "[the] reproduction of a work in legislative or judicial proceedings or reports…"); 3 M. Nimmer & D. Nimmer, *Nimmer on Copyright*, § 13.05[D] at 13-91 (1991) ("works are customarily reproduced in various types of judicial proceedings … and it seems inconceivable that any court would hold such reproduction to constitute infringment either by the government or by the individual parties responsible for offering the work into evidence"). In addition, the Fourth, Ninth, and Tenth Circuits have all held that the use of copyrighted material in a judicial proceeding is fair use. *See Bond v. Blum, supra,* 317 F.3d at 396-397; *Jartech, Inc. v. Clancy,* 666 F.2d 403, 407 (9th Cir. 1982); *Shell v. Devries,* No. Civ. 06-CV-00318-REB, 2007 WL 324592 (D.Colo. Jan. 31, 2007), *aff'd* 2007 WL 4269047 (10th Cir. 2007) (affirming Fed. R. Civ. P. 12(b)(6) dismissal). As a result, the Complaint must be dismissed.

    3.    A third and final basis for dismissal of the Complaint is the litigation privilege. Courts in the Second Circuit have held that, "[i]n the context of a legal proceeding, statements by parties *and their attorneys* are absolutely privileged if, by any view or under any circumstances, they are pertinent to the litigation." *Aequitron Medical, Inc. v. Dyro,* 999 F. Supp. 294, 297-298 (E.D.N.Y. 1998) (emphasis added; citation and internal quote marks omitted). This includes pleadings, declarations, and supporting exhibits. This may be the strongest basis of all, as it is grounded in the strong public policy of encouraging all litigants to have their day in court. They cannot do so freely and fairly if they have to fear they will be sued for what they say and present in judicial proceedings. Nor can parties' attorneys discharge their responsibility to vigorously represent their clients if they have to worry that they will be sued for doing so. In addition, allowing liability for statements made in litigation runs counter to the doctrine of finality, and would merely encourage piecemeal litigation and an endless multiplicity of follow-on suits, to the detriment of scarce judicial resources.

    4.    As part of this Motion, Donovan will also seek costs and attorneys fees for defending this action under Section 505 of the Copyright Act, 17 U.S.C. § 505 (in any copyright infringement action, the court "may … award a reasonable attorney's fee to the prevailing party as part of the costs"). Plaintiff's commencement of this infringement action is objectively unreasonable, and his infringement claim is neither novel nor complex—factors that favor an award of attorney's fees. *See Earth Flag Ltd. v. Alamo Flag Co.,* 154 F. Supp. 2d 663, 666 (S.D.N.Y. 2001).

    In stating the above bases for its motion to dismiss, Donovan reserves her right to supplement her motion as determined by further research.

    Thank you for your consideration.

    Respectfully submitted,

    GORDON & REES LLP

    Diane Krebs

The Honorable Frederic Block
November 6, 2008
Page 4

cc:    Roy Den Hollander, Esq.
        Paul W. Steinberg, Esq.
        Deborah Swindells Donovan, Esq. (via e-mail)