# EXHIBIT A



## Help    Search    History    Titles    Start Over

# Public Catalog

Copyright Catalog (1978 to present)
Search Request: Left Anchored Name = hollander, roy
Search Results: Displaying 1 of 4 entries



Labeled View

***Stupid frigging fool.***

**Type of Work:** Text
**Registration Number / Date:** TXu001053401 / 2002-04-20
**Title:** Stupid frigging fool.
**Description:** CD-ROM.
**Copyright Claimant:** Roy Den Hollander
**Date of Creation:** 2002
**Rights and Permissions:** Rights & permissions info. on original appl. in C.O.
**Names:** Hollander, Roy Den



| Save, Print and Email (Help Page) | | |
|---|---|---|
| Select Download Format Full Record ▾ | Format for Print/Save | |
| Enter your email address: | | Email |

Help    Search    History    Titles    Start Over

Contact Us  |  Request Copies  |  Get a Search Estimate  |  Frequently Asked Questions (FAQs) about Copyright  |
Copyright Office Home Page  |  Library of Congress Home Page

**Stupid Frigging Fool** (Part 3)
[First Draft]
by Roy Den Hollander

War

"Now is the time for all good men to come to the aid of justice."

Minutes after I entered my apartment, someone knocked on my door. As usual I opened it without checking through the peephole, which always provided a minor thrill of the unexpected. Two overweight female cops, one standing off to the side of my door, the other peeking from around the corner as though expecting a shoot out. The one nearest me handed me a complaint and summons.

"What's this about?" I asked surprised.

"Your wife took out an order of protection against you."

The thought shuddered its way home. Dread, fear and hurt crushed me. I took the papers, closed the door and retreated into my apartment to enter a life changed forever. The furies wailed inside me, careening for a safety value that didn't exist. My emotions spanned the spectrum from rage to a mournful sinking of the heart—drinking misery to the dregs. How could she do this to me? All I ever did was try to help her. My soul felt blasted by betrayal. The great heel of fate came down to destroy the remainder of my life.

I knew about Temporary Orders of Protection that the feminazis ruthlessly used to intimidate men into doing their bidding. All a girl need do is go before a judge, cry false tears, tell a lie, a female's favorite and most effective weapon, about some man threatening or harassing her and the judge immediately issues a Temporary Order of Protection. The law prevents the accused from appearing before the judge at the same time to counter the charges. The procedure clearly violates a person's due process rights, but the legislatures and courts don't

1

administration of public works and functioning of markets. Women no longer sat astride the levers of society's power because they realized they could dupe men into doing the dangerous work for them. Mothers simply molded the pliable minds of their young boys into believing a man's sole purpose in life was to sacrifice himself for women, which allowed the little misses to greedily enjoy the fruits of men toiling their lives away amid the wreckage of broken dreams or stepping aside through affirmative action to allow the female to enjoy society's benefits while the man shouldered the burdens.

Whether traditionalists or feminazis, women created for themselves a privileged position out of an insidious false belief perpetuated by indoctrinating young children that women belonged on a pedestal whether as the weak, innocent, gentle girl in need of manly protection or the independent and strong super heroine in need of obsequious worshippers. The logical contradictions of the two pedestals don't prevent modern day females from alternating between the two whenever it serves their selfish interests. The traditional girl laughs as men go off to work in hazardous occupations to bring home enough money for her to purchase the useless bobbles, fashions and cosmetics that satisfy ladies' vanities or secure the social status they desire. The feminazi laughs as she claims the most desirable jobs for which she isn't qualified. War, the greatest of man's horrors, is still often fought to capture land, riches and power that the traditional girls back home yearned for and goaded men into fighting to get while the feminazis relish the reduction in male competition that war brings through death, injury and lost of time.

Just imagine what an alien would think on observing America over the past fifty-years. Her sensors hone in on the thoughts of a young boy in a northern New Jersey town.

A propeller driven plane drones somewhere overhead far out of sight. Its low monotone humming envelops a warm, spring Sunday afternoon somewhere in the 1950s. I sit on my 24

inch, black, single-gear Schwin bicycle, keeping my balance by holding onto the door handle of an old, blue, four-door 1947 Dodge.

I pause at the moment feeling vaguely sad for no apparent reason. The week's events ended with this gift of nothing to do: no homework, no television shows, no new housing developments to explore or classmates able to come out and play.

The dead-end street needs a new asphalt topping. Where I am balanced on the side, the asphalt has broken up into small gravel-like stones with an isolated weed sprouting up here and there.

It is still early spring, the lawns are just beginning to turn green and the tulips and dogwood buds remain closed, waiting for a few consecutive days of warm weather. The sir smells fresh, warmed slightly by a gentle breeze.

The droning airplane fills the vacuum of silence on this street with modest middle-class houses in this small suburban town, whose claim to fame will not come until the end of the next decade. Of all the towns in America, this town will have the second highest number of persons per capita to die in Vietnam—all of them men, of course, and all of them guys I grew up with.

Fast-forwarding the future the alien learns that girls were not immune from death or injury in war. For instance, eight American females died in Viet Nam, the same number of guys from my hometown of 8,000 people. But men clearly paid the highest price: 58,000 dead in Viet Nam, over 300,000 injured and since the end of the war more than 58,000 of the men who served in Viet Nam committed suicide. During the same time females took advantage of the men's lives, minds and years the war destroyed by seizing jobs previously held by men for themselves until nearly 50% of the work force consisted of females. While girls flooded into the better jobs, the alien would see men continuing to work in the most dangerous occupations, dying younger

49

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number:**

## TXu 1-596-208

**Effective date of
registration:**

November 13, 2007

---

## Title

**Title of Work:** An Invisible Weapon

## Completion/ Publication

**Year of Completion:** 2001

## Author

■ **Author:** Roy Den Hollander

**Author Created:** Text (includes fiction, nonfiction, poetry, computer programs, etc.)

## Copyright claimant

**Copyright Claimant:** Roy Den Hollander

545 East 14 Street, Apt. 10-D, New York, NY, 10009

## Rights and Permissions

**Name:** Roy Den Hollander

**Email:** rdhhh@yahoo.com                    **Telephone:** 917-687-0652

**Address:** 545 East 14 Street

Apt. 10D

New York, NY 10009

## Certification

**Name:** Roy Den Hollander



U.S. OFFICIAL MAIL
PENALTY FOR
PRIVATE USE $300
UNITED STATES POSTAGE
$ 00.42⁰
02 1A
0004205892
MAR 12 2009
PITNEY BOWES

Invisible Weapon

Library of Congress
United States Copyright Office
101 Independence Avenue SE
Washington, DC 20559-6000

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300

Return if not delivered within 5 days



1000983024 C018

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code,* attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number:**

## TXu 1-596-340

**Effective date of registration:**

November 13, 2007

---

## Title

**Title of Work:** Some Differences: Men v. Girls

## Completion/ Publication

**Year of Completion:** 2006

## Author

■ **Author:** Roy Den  Hollander

**Author Created:** Text

## Copyright claimant

**Copyright Claimant:** Roy Den  Hollander

545 East 14th Street, Apt. 10-D, New York, NY, 10009

## Rights and Permissions

**Name:** Roy Den  Hollander

**Telephone:** 917-687-0652

**Address:** 545 East 14th Street, Apt. 10-D

New York, NY 10009

## Certification

**Name:** Roy Den Hollander



Library of Congress
United States Copyright Office
101 Independence Avenue SE
Washington, DC 20559-6000

OFFICIAL BUSINESS
. PENALTY FOR PRIVATE _____ $300.

_ Return if not delivered within 5 days

U.S. OFFICIAL MAIL
PENALTY FOR
PRIVATE USE $300
$ 00.42⁰
MAR 19 2009
PITNEY BOWES

UNITED STATES POSTAGE

02 1A
0004205 892

Some Differences: Men v. Girls

1000933024  C018

I..III...I.I..I..I..I..I.I..I.I...I.II.....I.I..II

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number:**

## TXu 1-597-060

**Effective date of
registration:**

November 13, 2007

## Title ━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

**Title of Work:** Do Men Cause the Wars?

## Completion/ Publication ━━━━━━━━━━━━━━━━━━

**Year of Completion:** 2006

## Author ━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

■        **Author:** Roy Den Hollander

**Author Created:** Text

## Copyright claimant ━━━━━━━━━━━━━━━━━━━━━━

**Copyright Claimant:** Roy Den Hollander

545 East 14th Street, Apt. 10D, New York, NY, 10009

## Rights and Permissions ━━━━━━━━━━━━━━━━━━

**Name:** Roy Den  Hollander

**Telephone:** 917-687-0652

**Address:** 545 East 14th Street

Apt. 10D

New York, NY 10009

## Certification ━━━━━━━━━━━━━━━━━━━━━━━━━━━

**Name:** Roy Den Hollander



U.S. OFFICIAL MAIL
UNITED STATES POSTAGE
PENALTY FOR
PRIVATE USE $300
PITNEY BOWES
$ 00.42⁰
02 1A
0004205892   MAR 23 2009
MAILED FROM ZIP CODE 2 0 5 5 9

Do Hen Cause
War

Library of Congress
United States Copyright Office
101 Independence Avenue SE
Washington, DC 20559-6000

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300

Return if not delivered within 5 days

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com.

OFFICIAL USE

| | | | |
|---|---|---|---|
| Postage | $ | $1.14 | 0018 |
| Certified Fee | | $2.65 | 15 |
| Return Receipt Fee (Endorsement Required) | | $0.00 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 | |
| Total Postage & Fees | $ | $3.79 | 11/05/2007 |

7005 3110 0000 7278 2423

Sent To *Library Congress Copyright*
Street, Apt. No.; or PO Box No. *101 Independence Ave SE*
City, State, ZIP+4 *Washington, DC 20559*

PS Form 3800, June 2002                    See Reverse for Instructions


**UNITED STATES**
**POSTAL SERVICE**®

Track & Confirm          FAQs

# Track & Confirm

### Search Results

Label/Receipt Number: **7005 3110 0000 7278 2423**
Status: **Delivered**

Your item was delivered at 7:32 am on November 09, 2007 in
WASHINGTON, DC 20559. A proof of delivery record may be available
through your local Post Office for a fee.

Additional information for this item is stored in files offline.

( Restore Offline Details > ) ( ? )    ( Return to USPS.com Home > )

Track & Confirm

Enter Label/Receipt Number.

[                                    ]

( Go > )

---

Site Map    Contact Us    Forms    Gov't Services    Jobs    Privacy Policy    Terms of Use    National & Premier Accounts

Copyright© 1999-2007 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA

# EXHIBIT B



New York State Department of
**Taxation and Finance**

Tax Compliance Division-CO-ATC
P O Box 5149
Albany NY 12205-5149

# Warrant



**Commissioner of Taxation and Finance**

against

Judgment
Creditor

PAUL W STEINBERG
INDIVIDUALLY AND AS A RESPONSIBLE PERSON OF
INFORD HOSPITALITY, INC
205 EAST 89TH STREET #5C
NEW YORK, NY  10128-4397

*ILFORD*

Judgment
Debtor

Last Known
Address

**Warrant ID:**
E-024175702-W001-7

**County of Judgment:**
NEW YORK

**Article of Tax Law:**
28/29

The people of the state of New York to:  S ASPRION
an officer or employee of the Department of Taxation and Finance:  **Whereas,** a tax has been found due to the
Commissioner of Taxation and Finance of the **state of New York** imposed by the above noted Article of Tax
Law from the debtor named, the nature and amount of which, together with the interest and penalties thereon,
are as follows:

| Assessment ID | Period Ending | Tax | Penalty | Interest | Assessment Total |
|---|---|---|---|---|---|
| L-024459156-1 | 02/29/04 | $ 10,947.64 | $ 2,408.40 | $ 1,717.45 | $ 15,073.49 |
| L-024175702-6 | 11/30/02 | 9,012.37 | 2,703.63 | 3,342.45 | 15,058.45 |

2005 APR 18  PM 2: 29

| | | | | Total amount due ▶ | $ 30,131.94 |

And whereas, said tax, interest and penalties now remain wholly unpaid;

Now therefore, we command you to file a copy of this warrant within five days after its receipt by you in the
office of the clerk of the county named above, for entry by him in the judgment docket, pursuant to the provisions
of the Tax Law.

**And we further command you,** that you satisfy said claim of said **Commissioner of Taxation and Finance** for said
tax with penalties and interest out of the real and personal property in said county belonging to said debtor and
the debts due to him at the time when said copy of this warrant is so docketed in the office of the clerk of such
county or at any time thereafter; and that only the property in which said debtor who is not deceased has an
interest or the debts owed to him shall be levied upon or sold hereunder; and return this warrant and pay the
money collected, to the Commissioner of Taxation and Finance of the state of New York.

Levy and collect total amount due shown above plus accrued interest and any additional penalties provided by law.

Current interest rate  14.00 % per year on  $    25,019.91  from  APRIL    07, 2005
The interest rate may vary according to the Tax Law.

Warrant received at 9 o'clock A.M. on   APR 1 1 2005

Issued
By  _____                                        for the Commissioner

DTF-977 (7/95)      00005

Commissioner of Labor                                                    Judgment Creditor

                                        -against-

                                                                         Judgment Debtor

  PAUL W STEINBERG DBA SUBWAY SANDWICHES
  165 CHURCH ST
  NEW YORK NY 10007-1830                                                 E.R. # 45-62720


                    SATISFACTION OF JUDGMENT

                    Warrant filed on  JANUARY 03, 2002
                    In the sum of    $2,705.03
                    In the County of  NEW YORK

     A warrant having been filed on the above date in the office of the Clerk of the above County by the
Commissioner of Labor against the defendant for the above sum and the said warrant having been wholly paid or
satisfied, and it being certified that there is no execution outstanding in the hands of the sheriff of any County of
the State of New York;

     Therefore, Satisfaction of said warrant is hereby acknowledged and the Clerk is hereby authorized and
·ted to cancel and discharge the same.

     Signed, sealed and issued at Albany, New York.

     Date: MAY 09, 2002.


                                                  Commissioner of Labor

                                           By:    *Judy Boshart*

                                                  Judy Boshart
                                                  Chief Enforcement Officer




  TO:   COUNTY CLERK
        NEW YORK COUNTY
        60 CENTRE STREET
        NEW YORK, NY 10007-0000

IA 182.5 (5-99)

Commissioner of Labor                                                    Judgment Creditor

-against-

                                                                         Judgment Debtor

PAUL W STEINBERG DBA SUBWAY SANDWICHES
165 CHURCH ST                                                            E.R. # 45-62720
NEW YORK NY 10007-1830


S A T I S F A C T I O N   O F   J U D G M E N T

Warrant filed on   **DECEMBER 27, 2002**
In the sum of      **$528.97**
In the County of   **NEW YORK**


A warrant having been filed on the above date in the office of the Clerk of the above County by the
Commissioner of Labor against the defendant for the above sum and the said warrant having been wholly paid or
satisfied. and it being certified that there is no execution outstanding in the hands of the sheriff of any County of
the State of New York:

Therefore. Satisfaction of said warrant is hereby acknowledged and the Clerk is hereby authorized and
directed to cancel and discharge the same

Signed, sealed and issued at Albany. New York.

Date: APRIL 07, 2003.


                                              For Commissioner of Labor

                            By:

                                              James A. Konicki
                                              Chief Enforcement Officer


TO:   COUNTY CLERK
      NEW YORK COUNTY
      60 CENTRE STREET
      NEW YORK, NY 10007-0000

IA 182.5 (11-02)

# EXHIBIT C

ORIGINAL

RD 11/3/97

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------x
                                           :
THE OTTO GERDAU COMPANY,                   :
                                           :
                            Plaintiff,     :
                                           :
             - against -                   :
                                           :
ANASAE REALTY CORPORATION, J. PAUL DE LYRA, :
CHARLOTTE DE LYRA, THE CITY OF NEW YORK    :
DEPARTMENT OF FINANCE, THE CITY OF NEW YORK :
ENVIRONMENTAL CONTROL BOARD, THE CITY OF NEW :
YORK, NEW YORK STATE DEPARTMENT OF TAXATION AND :
FINANCE, THE PEOPLE OF THE STATE OF NEW YORK, :
SAMUEL PLOTKIN AS PUBLIC ADMINISTRATOR OF KINGS :
COUNTY, GUS BEVONA AS TRUSTEE OF THE BUILDING :
SERVICE 32B-32J PENSION, HEALTH AND ANNUITY :
FUND, HELD BROS., INC., S.H.J.A. RESTAURANT :
CORP., GUIDANCE SERVICES, INC., FRANKIE &   :
JOHNNY'S PIZZERIA, INC., EMPIRE STEEL TRADING :
CO., DALCOMP, INC., A.M. CRUZ, INC., MICHAEL :
STUART, IKON TECHNOLOGIES, KOVITZ SYSTEMS,  :
INC., DENIS RICHARDS FUTURES CORP., BINARY  :
TREE, INC., PAUL W. STEINBERG, JAY B. ROHRLICH, :
M.D., P.C., CHRISTOPHER STREET FINANCIAL, INC., :
FIRST PHILADELPHIA CORPORATION, BROWN BROTHERS :
HARRIMAN & CO., CAPRIANO & LICHTMAN, ESQ.,  :
FRIENDLY SONS OF ST. PATRICK, DIANE PROPPER, :
ERIC INGERSOLL, TONY LENT, EDWIN F. LAMBERT :
INVESTIGATIONS, INC., CONSULATE GENERAL OF  :
COSTA RICA, ALVIN M. STRAUSS, MATHEMARKET,  :
INC., INTEGRATED OFFICE SOLUTIONS, INC., KELLY :
PIERRE, HONDURAS EXPRESS, CONSULATE GENERAL OF :
HONDURAS, PHILADELPHIA NEWSPAPERS, INC.,    :
PETAK'S OF WALL STREET, INC., MAJESTIC SALES :
CORP., WORLDWIDE CONSULTING GROUP LTD., RUS :
MANAGEMENT INCORPORATED, AGROCOM, LTD., ORRIN :
RILEY, P.E., P.C., GLOBAL TELECOM, INC., JAMES :
J. MORRISSEY, ESQ., MITCHELL/MARTIN, INC. and :
STREETFIELD AGENCY, INC.,                   :
                                           :
                            Defendants.:
------------------------------------------ x

Index No. 602625/96
Part 39
Justice H. Freedman

**NOTICE OF MOTION
FOR CONFIRMATION OF
REFEREE'S REPORT OF
SALE**

## ATTORNEY'S AFFIRMATION OF SERVICE

The undersigned, an attorney admitted to practice in the State of New York, affirms under penalty of perjury that on October 17, 1997, he served by first class mail the (1) NOTICE OF MOTION FOR CONFIRMATION OF REFEREE'S REPORT OF SALE, (2) PROPOSED ORDER, and (3) AFFIRMATION OF MARK W. FRIEDMAN IN SUPPORT OF PLAINTIFF'S MOTION TO CONFIRM THE REFEREE'S REPORT OF SALE on the attorneys for the parties, or the parties pro se, who have appeared herein at the following addresses:

Fabian Palomino, Esq.
Law Offices of Louis R. Rosenthal
16 Court Street, 32nd Floor
Brooklyn, New York 11241
Attorneys for Public Administrator of Kings County

Christine Cole
Slater & Cole
11 Broadway, Suite 1101
New York, New York 10004
Attorneys for Anasae Realty Corp.,
    Paul de Lyra and Charlotte de Lyra

David A. Roth
351 Myrtle Avenue
Brooklyn, New York 11205
Attorneys for Integrated Office
 Solutions, Inc.

Capriano Lichtman & Flach
80 Wall Street
New York, New York 10005
Attorneys for Capriano and Lichtman

James J. Morrisey, Esq.
63 Wall Street
New York, New York 10005
Pro se

Paul Steinberg, Esq.
80 Wall Street
New York, New York 10005
Pro se

Paul A. Crotty, Esq.
Corporation Counsel of the
 City of New York
100 Church Street, Room 3-230
New York, New York 10007
Attorneys for Defendant City of New York

Dennis C. Vacco, Esq.
Attorney General of the
 State of New York
120 Broadway, Room 26-170
New York, New York 10271
Attorneys for Defendants People of
 the State of New York and the Commissioner
 of Taxation and Finance

Dated: New York, New York
        October 17, 1997

                              *Mark Fried* (signature)
                              Mark W. Friedman

ORIGINAL 68

R/D: 11-28-97

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

----------------------------------------------------------------x

THE OTTO GERDAU COMPANY,

                                         Plaintiff,

                 - against -

ANASAE REALTY CORPORATION, J. PAUL DE LYRA,
CHARLOTTE DE LYRA, THE CITY OF NEW YORK
DEPARTMENT OF FINANCE, THE CITY OF NEW YORK
ENVIRONMENTAL CONTROL BOARD, THE CITY OF NEW
YORK, NEW YORK STATE DEPARTMENT OF TAXATION AND
FINANCE, THE PEOPLE OF THE STATE OF NEW YORK,
SAMUEL PLOTKIN AS PUBLIC ADMINISTRATOR OF KINGS
COUNTY, GUS BEVONA AS TRUSTEE OF THE BUILDING
SERVICE 32B-32J PENSION, HEALTH AND ANNUITY FUND,
HELD BROS., INC., S.H.J.A. RESTAURANT CORP., GUIDANCE
SERVICES, INC., FRANKIE & JOHNNY'S PIZZERIA, INC.,
EMPIRE STEEL TRADING CO., DALCOMP, INC., A.M. CRUZ,
INC., MICHAEL STUART, IKON TECHNOLOGIES, KOVITZ
SYSTEMS, INC., DENIS RICHARDS FUTURES CORP., BINARY
TREE, INC., PAUL W. STEINBERG, JAY B. ROHRLICH, M.D.,
P.C., CHRISTOPHER STREET FINANCIAL, INC., FIRST
PHILADELPHIA CORPORATION, BROWN BROTHERS
HARRIMAN & CO., CAPRIANO & LICHTMAN, ESQ., FRIENDLY
SONS OF ST. PATRICK, DIANE PROPPER, ERIC INGERSOLL,
TONY LENT, EDWIN F. LAMBERT INVESTIGATIONS, INC.,
CONSULATE GENERAL OF COSTA RICA, ALVIN M. STRAUSS,
MATHEMARKET, INC., INTEGRATED OFFICE SOLUTIONS,
INC., KELLY PIERRE, HONDURAS EXPRESS, CONSULATE
GENERAL OF HONDURAS, PHILADELPHIA NEWSPAPERS,
INC., PETAK'S OF WALL STREET, INC., MAJESTIC SALES
CORP., WORLDWIDE CONSULTING GROUP LTD., RUS
MANAGEMENT INCORPORATED, AGROCOM, LTD., ORRIN
RILEY, P.E., P.C., GLOBAL TELECOM, INC., JAMES J.
MORRISSEY, ESQ., MITCHELL/MARTIN, INC. and STREETFIELD
AGENCY, INC.,

                                   Defendants.

**REPLY AFFIRMATION OF
MARK W. FRIEDMAN**

Index No. 602625/96
Part 39
Justice H. Freedman

FILED
DEC 31 1997

----------------------------------------------------------------x

ATTORNEY'S AFFIRMATION OF SERVICE

The undersigned, an attorney admitted to practice in the State of New York, affirms under penalty of perjury that on November 26, 1997, he served by first class mail the REPLY AFFIRMATION OF MARK W. FRIEDMAN on the attorneys for the parties, or the parties pro se, who have appeared herein at the following addresses:

Fabian Palomino, Esq.
Law Offices of Louis R. Rosenthal
16 Court Street, 32nd Floor
Brooklyn, New York 11241
Attorneys for Public Administrator of Kings County

Christine Cole, Esq.
Slater & Cole
11 Broadway, Suite 1101
New York, New York 10004
Attorneys for Anasae Realty Corp.,
  Paul de Lyra and Charlotte de Lyra

David A. Roth, Esq.
351 Myrtle Avenue
Brooklyn, New York 11205
Attorneys for Integrated Office
 Solutions, Inc.

Capriano Lichtman & Flach
80 Wall Street
New York, New York 10005
Attorneys for Capriano and Lichtman

David W. Bargman, Esq.
711 Third Avenue
New York, New York 10017
Court Appointed Referee

James J. Morrisey, Esq.
63 Wall Street
New York, New York 10005
Pro se

Paul Steinberg, Esq.
80 Wall Street
New York, New York 10005
Pro se

Paul A. Crotty, Esq.
Corporation Counsel of the
 City of New York
100 Church Street, Room 3-230
New York, New York 10007
Attorneys for Defendant City of New York

Dennis C. Vacco, Esq.
Attorney General of the
 State of New York
120 Broadway, Room 26-170
New York, New York 10271
Attorneys for Defendants People of
 the State of New York and the Commissioner
 of Taxation and Finance


Dated: New York, New York
       November 26, 1997

                                        Mark W. Friedman



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------x

THE OTTO GERDAU COMPANY,

                                   Plaintiff,:

               - against -

ANASAE REALTY CORPORATION, J. PAUL DE LYRA,
CHARLOTTE DE LYRA, THE CITY OF NEW YORK
DEPARTMENT OF FINANCE, THE CITY OF NEW YORK
ENVIRONMENTAL CONTROL BOARD, THE CITY OF NEW
YORK, NEW YORK STATE DEPARTMENT OF TAXATION AND
FINANCE, THE PEOPLE OF THE STATE OF NEW YORK,
SAMUEL PLOTKIN AS PUBLIC ADMINISTRATOR OF KINGS
COUNTY, GUS BEVONA AS TRUSTEE OF THE BUILDING
SERVICE 32B-32J PENSION, HEALTH AND ANNUITY FUND,
HELD BROS., INC., S.H.J.A. RESTAURANT CORP., GUIDANCE
SERVICES, INC., FRANKIE & JOHNNY'S PIZZERIA, INC.,
EMPIRE STEEL TRADING CO., DALCOMP, INC., A.M. CRUZ,
INC., MICHAEL STUART, IKON TECHNOLOGIES, KOVITZ
SYSTEMS, INC., DENIS RICHARDS FUTURES CORP., BINARY
TREE, INC., PAUL W. STEINBERG, JAY B. ROHRLICH, M.D.,
P.C., CHRISTOPHER STREET FINANCIAL, INC., FIRST
PHILADELPHIA CORPORATION, BROWN BROTHERS
HARRIMAN & CO., CAPRIANO & LICHTMAN, ESQ.,
FRIENDLY SONS OF ST. PATRICK, DIANE PROPPER, ERIC
INGERSOLL, TONY LENT, EDWIN F. LAMBERT INVES-
TIGATIONS, INC., CONSULATE GENERAL OF COSTA RICA,
ALVIN M. STRAUSS, MATHEMARKET, INC., INTEGRATED
OFFICE SOLUTIONS, INC., KELLY PIERRE, HONDURAS
EXPRESS, CONSULATE GENERAL OF HONDURAS,
PHILADELPHIA NEWSPAPERS, INC., PETAK'S OF WALL
STREET, INC., MAJESTIC SALES CORP., WORLDWIDE
CONSULTING GROUP LTD., RUS MANAGEMENT INCOR-
PORATED, AGROCOM, LTD., ORRIN RILEY, P.E., P.C.,
GLOBAL TELECOM, INC., JAMES J. MORRISSEY, ESQ.,
MITCHELL/MARTIN, INC. and STREETFIELD AGENCY, INC.,

                              Defendants.:

-------------------------------------------------------------x

**FILED**

JAN 0 9 1998

COUNTY CLERK'S OFFICE
NEW YORK

<u>NOTICE</u>

Index No. 602625/96
Part 39
Justice H. Freedman

ATTORNEY'S AFFIRMATION OF MAILING

The undersigned, an attorney admitted to practice in the State of New

York, affirms under penalty of perjury that on January 8, 1998, he served the annexed

NOTICE on the attorneys for the parties, or the parties pro se, who have appeared herein

at the following addresses:

<u>Via Telecopier to</u>:

Christine Cole, Esq.
Slater & Cole
11 Broadway, Suite 1101
New York, New York 10004
Attorneys for Anasae Realty Corp.

<u>Via First-Class to</u>:

Fabian Palomino, Esq.
Law Offices of Louis R. Rosenthal
16 Court Street, 32nd Floor
Brooklyn, New York 11241
Attorneys for Public Administrator of Kings County

David A. Roth, Esq.
351 Myrtle Avenue
Brooklyn, New York 11205
Attorneys for Integrated Office
 Solutions, Inc.

Capriano Lichtman & Flach
80 Wall Street
New York, New York 10005
Attorneys for Capriano and Lichtman

James J. Morrisey, Esq.
63 Wall Street
New York, New York 10005
Pro se

Paul Steinberg, Esq.
80 Wall Street
New York, New York  10005
Pro se

Paul A. Crotty, Esq.
Corporation Counsel of the
 City of New York
100 Church Street, Room 3-230
New York, New York 10007
Attorneys  for Defendant City of New York

Dennis C. Vacco, Esq.
Attorney General of the
 State of New York
120 Broadway, Room 26-170
New York, New York 10271
Attorneys for Defendants People of
 the State of New York and the Commissioner
 of Taxation and Finance

Dated:  New York, New York
        January 8, 1998

                                    Mark W. Friedman

# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X
ROY DEN HOLLANDER, on behalf of
himself and all others similarly
situated,

                    Plaintiff,          OPINION

        -against-             07 Civ. 5873 (MGC)

COPACABANA NIGHTCLUB, et al.

                Defendants.

---------------------------------X

APPEARANCES:

        LAW OFFICE OF ROY DEN HOLLANDER, ESQ.
        Plaintiff pro se
        545 East 14th Street, 10D
        New York, New York 10009

        By:  Roy Den Hollander, Esq.

        LAW OFFICE OF CHARLES B. LINN, ESQ.
        Attorney for Defendant Copacabana Nightclub Inc.
        901 North Broadway
        North White Plains, New York 10603

        By:  Charles B. Linn, Esq.

        ADAM B. KAUFMAN & ASSOCIATES, PLLC
        Attorneys for Defendant Sol
        585 Stewart Avenue, Suite 302
        Garden City, New York 11530

        By:  Robert S. Grossman, Esq.

        GORDON & REES, LLP
        Attorneys for Defendant Lotus
        90 Broad Street, 23rd Floor
        New York, New York 10004

        By:  Deborah S. Donovan, Esq.
             Christopher B. Block, Esq.

1

decision to allow alcohol sales through the provision of licenses is not a delegation of that public function.  Defendants do not have the power or authority to alter state regulation in the field, and they must abide by all regulations related to the alcohol license.  Accordingly, defendants do not exercise a public function.

### C. Remaining Defendants

The motions to dismiss filed by AER, Lotus, and Sol are granted because Den Hollander cannot show that private nightclubs are state actors in setting cover charges for admission to their facilities.  Copacabana and China Club have not moved to dismiss, but the claims against them are similarly defective.  There are no separate facts alleged against Copacabana and China Club that would alter the state action inquiry, and plaintiff has had an opportunity to be heard on the issues.  Accordingly, in the interest of judicial economy, the claims against Copacabana and China Club will be dismissed <u>sua</u> <u>sponte</u> for failure to state a claim.  <u>See</u> <u>Perez v. Ortiz</u>, 849 F.2d 793, 797 (2d Cir. 1988); <u>Leonhard v. United States</u>, 633 F.2d 599, 609 n.11 (2d Cir. 1980) ("The district court has the power to dismiss a complaint sua sponte for failure to state a claim.").

## II. Plaintiff's Motions

Den Hollander moves to strike certain motion papers filed by defendants for being late; to deny the motions to dismiss filed by Sol and AER for failure to file memoranda of law separate from their supplemental affirmations; to strike certain portions of Lotus' memorandum of law for not providing citations; and to compel counsel for Lotus to disclose the source of certain essays attached to her opposition to Den Hollander's motion for recusal. Any technical defects in defendants' motion papers were insubstantial and did not prejudice Den Hollander.  The issues relevant to the motions to dismiss were clear to all parties, and the motions were re-filed in light of the filing of the Amended Complaint, giving all litigants more time to respond.  The essays submitted by Lotus as exhibits in opposition to Den Hollander's motion for recusal are <u>irrelevant</u> to this case, and any claim that Den Hollander may seek to pursue in relation to the submission of those essays is beyond the scope of this action.

### CONCLUSION

For the foregoing reasons, the motions to dismiss filed by AER, Lotus, and Sol are granted, and the complaint is dismissed as to all defendants.  Den Hollander's motions are denied.  The Clerk is directed to close this case.

12

# EXHIBIT E

DEBORAH SWINDELLS DONOVAN
DDONOVAN@GORDONREES.COM

GORDON & REES LLP

ATTORNEYS AT LAW
90 BROAD STREET
23RD FLOOR
NEW YORK, NY 10004
PHONE: (212) 269-5500
FAX: (212) 269-5505
WWW.GORDONREES.COM

November 1, 2007

**BY REGULAR MAIL**
Honorable Miriam Goldman Cedarbaum
United States District Court
Southern District of New York
500 Pearl Street, Room 1330
New York, New York  10007

Re:   Hollander v. Copacabana Nightclub, et al.
       Docket No. 07 Civ. 5873 (MGC)

Dear Judge Cedarbaum:

    We represent Defendant Lotus in this case.   We have just received a letter from Plaintiff, Roy Den Hollander, dated October 29, 2007, which cavalierly accuses me personally of committing a crime and copyright violations.  We apologize to the Court for having to respond but we cannot leave such baseless accusations unaddressed.

    Mr. Hollander's outrageous accusations are entirely speculative and merely reflect an effort to deflect attention from the weakness of his case.  The letter is completely irrelevant to any existing issue in the case and should be ignored.  It is a waste of both the Court's time and that of Lotus.

    Should the Court wish me to provide any additional information, I would be happy to do so.

Honorable Miriam Goldman Cedarbaum
November 1, 2007
Page 2

Thank you for your consideration.

Respectfully submitted,

GORDON & REES, L.L.P.

Deborah Swindells Donovan

**VIA REGULAR MAIL**
cc:  Roy Den Hollander
Plaintiff
545 East 14th Street, 10D
New York, New York 10009
(212) 995-5201

Robert S. Grossman, Esq.
Attorneys for Defendant Sol
585 Stewart Avenue, Suite 300
Garden City, New York 11530
(516) 745-1715

Vanessa R. Elliott, Esq.
Beattie Padovano, LLC
Attorneys for Defendant A.E.R.
50 Chestnut Ridge Road
Montvale, New Jersey 07645
(201) 573-1810

Charles B. Linn, Esq.
Attorney for Defendant Copacabana
901 North Broadway
North White Plains, New York 10603
(914) 949-4200

Danny Free, Principal
China Club
268 West 47th Street
New York, New York 10036
(212) 398-3800

# EXHIBIT F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
Roy Den Hollander,

        Plaintiff on behalf of himself
        and all others similarly situated,        Civil Action No. 07 CV 5873 (MGC)

    -against-

Copacabana Nightclub,
China Club,
Guest House,
A.E.R. Nightclub,
Lotus,
Sol, and
Jane Doe Promoters,

        Defendants .
-------------------------------------------------------------x

### DECLARATION OF DEBORAH SWINDELLS DONOVAN
### IN OPPOSITION TO PLAINTIFFS MOTION TO
### DISQUALIFY JUDGE CEDARBAUM

Deborah Swindells Donovan, an attorney duly admitted to practice in theState of New York, hereby affirms the following under the penalty of perjury:

1.    I am a partner with the law firm of Gordon & Rees, L.L.P., counsel for Defendant Lotus, one of the nightclubs named in the within action. As counsel for Lotus, I am fully familiar with the facts set forth herein. This Declaration is submitted in opposition to the frivolous Motion To Disqualify Judge Cedarbaum, filed by Plaintiff Roy Den Hollander on or about October 7, 2007. I attended the October 3, 2007 Initial Pretrial Conference (the "Conference") that Plaintiff unsuccessfully submits provides a basis for his motion to disqualify Judge Cedarbaum.

2.    In my twenty-four years as a practicing attorney, who appears primarily in federal court, Plaintiff's contention that he "had no notice that the subject matter of the [Conference] was

antagonism or disdain on the Judge's part toward men. Plaintiff ¶¶ 5, 13, 14. Rather, the exchange reflected the Court's concern that it might lack jurisdiction, and she questioned Plaintiff extensively concerning this potential issue. When Plaintiff identified two lower court decisions in support of his position, Judge Cedarbaum invited him to send her those cases, thereby demonstrating her receptiveness to legal authority that supported Plaintiff's premise that the extensive regulation by the State is sufficient to constitute the necessary state action to confer Section 1983 jurisdiction.

9.     Plaintiff's characterization of the Judge as "repeatedly interrupt[ing] him and cut[ting him] off" is inaccurate. Plaintiff ¶ 12. Rather, it was my observation that Plaintiff repeatedly interrupted Judge Cedarbaum, raising his voice in an effort to keep the Judge from finishing her remarks.

10.     Plaintiff's accusation that Judge Cedarbaum "was motivated by sexual bias, sexual prejudice, and partiality toward the class of men on whose behalf the male named plaintiff brought this suit" is fantasy. Nothing was said by the Court that possibly could be construed as reflecting discriminatory animus against men. The conference focused solely on the jurisdictional question, not the substance of whether "Ladies Nights" discriminate against men. The accusation that the Judge is sexually biased or prejudiced against men is merely self-serving speculation.

11.     This speculation stands in stark contrast to Plaintiff's unrelenting bias against females. Perhaps Plaintiff would prefer a male judge, given his negative stereotypes of women on the Internet, frequently referring to them as "feminazi." The attached Exhibit A includes examples of Plaintiff's invective against women. It is my understanding these "articles" appeared on the Internet. I personally have read diatribes by Plaintiff on the Internet which are entirely consistent with many of the views expressed in this exhibit. Unfortunately, I did not save them because Plaintiff's opinion of women is not at issue in the lawsuit he has brought. Had I

4

known he would level a baseless charge of gender discrimination against Judge Cedarbaum

personally, I certainly would have retained them as they unequivocally reflect his misogyny. The

articles suggest Plaintiff is challenging Judge Cedarbaum's impartiality simply because she is

female, not biased. Plaintiff is the one who is sexually biased, not Judge Cedarbaum.

Dated:          New York, New York
                October 23, 2007

Deborah Swindells Donovan (DD 3421)

# EXHIBIT G

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

-----------------------------------------------------------X

Roy DEN HOLLANDER,

                Plaintiff,

      -against-

William FASANO

                Defendant.

----------------------------------------------------------- X

Index # 102057/2007

**AFFIRMATION IN OPPOSITION**

Paul Steinberg, an attorney duly admitted to practice law in the State of New York, hereby affirms pursuant to CPLR 2106:

1. I am the attorney for defendant William Fasano in the above-captioned action.

2. Defendant Fasano is the upstairs neighbor of Plaintiff Den Hollander.

3. Den Hollander has brought extensive multi-year litigation against Fasano, including ongoing litigation.

4. Fasano is not an attorney, and was not aware that pleadings in this new action were not sent to the person who is his counsel in the other actions.

5. Having been made aware of this, Defendant appends his Answer hereto, and serves same upon Plaintiff.

Wherefore, Defendants respectfully request that this court deny the Motion in its entirety, and grant other and further relief as this court deems just and proper.

New York, NY

December 4, 2007

Paul Steinberg, Esq. (Rule 130.1-1)
14 East 4th Street # 408
New York NY 10012-1141
(212) 529-5400

Page 1 of 5

NY Supreme 102057/2007

7.     Den Hollander's complaint in this case is substantially similar to his complaint in the previous litigation, which originated in NY Civil Court prior to the NY Supreme proceedings; the proceedings in NY Supreme ran from 2003-2006 (Index No. 116711/2003).

8.     In previous proceedings before Justice Demarest, there are landlord records of Den Hollander's neighbors expressing concern about his mental stability and temper tantrums (see Exhibit A at 17-20).

9.     In those proceedings, Den Hollander complained that Fasano failed to wear tight-fitting clothes to court, and that as a result Fasano's muscular physique was hidden from view; Den Hollander also sought a court order to compel Fasano to pay for bedding Den Hollander purchased (Exhibit A at 29).

10.    Den Hollander has since continued to pursue his obsession with Fasano, including pounding on the ceiling in the middle of the night at irregular intervals.

11.    Although Fasano is gay, he finds Den Hollander's fixation both unwelcome and potentially dangerous.

12.    In addition to Den Hollander writing Internet blogs about rape and murder (Exhibit at B), Den Hollander recently chased Fasano's attorney down the hallway of the courthouse and initiated a physical confrontation.

13.    As noted in previous litigation, Den Hollander has also banged on the ceiling and shouted up at Fasano "Die you fucking faggot."

14.    For 5 years, Den Hollander has brought a series of litigations against Fasano in various courts. And while for Den Hollander this litigation is a game to occupy his otherwise empty life, for Fasano this is not a game. Indeed, Den Hollander's actions are a reasonable basis for Fasano's concerns for his own safety.

NY Supreme 102057/2007

15.    Den Hollander's course of conduct is one deliberately calculated to harass Fasano.

**WHEREFORE**, Defendant respectfully requests that this court enjoin Den Hollander, and grant other and further relief as this court deems just and proper. In addition, we request that the court grant such protective orders as it deems necessary to safeguard Mr. Fasano and others from potential physical harm by Mr. Den Hollander.

New York, NY
December 4, 2007

Paul Steinberg, Esq. (Rule 130.1-1)
Atty for Defendants Steinberg & Fasano
14 East 4th Street # 408
New York NY 10012-1141
(212) 529-5400

Page 4 of 5

CIVIL COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------X
Roy DEN HOLLANDER,

                    Plaintiff,                 Index # 021283 / 06 CIV

                                 **AFFIRMATION IN OPPOSITION**

       -against-

William FASANO, Paul STEINBERG,
PETER COOPER VILLAGE/STUYVESANT TOWN,
Jill BLANCHARD, Donalda HABERSHAM
                     Defendants.
------------------------------------------------------ X

Paul Steinberg, an attorney duly admitted to practice law in the State of New York, hereby affirms pursuant to CPLR 2106:

1. I am the attorney for defendant William Fasano in the above-captioned action.

2. Defendant Fasano is the upstairs neighbor of Plaintiff Den Hollander.

3. I am a named defendant in the above-captioned action, and as such have personal knowledge of the facts in addition to information provided to me by my client Mr. Fasano.

4. The basis for your Affirmant being named as a party is that Plaintiff Den Hollander is claiming that statements made by your Affirmant in court pleadings were defamatory.

5. As this court is aware, statements made in pleadings are privileged. Moreover, these statements were made in a matter before Justice Madden in New York County Supreme Court, and those statements in the pleadings were also discussed in proceedings before Justice Madden and remain in the public record of the proceedings.

6. The instant Motion of Plaintiff Den Hollander is essentially the same as the Plaintiff's previous Motion.

7. We have previously responded to the Plaintiff's arguments in our Affirmation In Opposition dated May 18, 2007; there has been no change in statute or caselaw on these matters in the last 5 months, and we have annexed our previous response at **Exhibit A**.

8. The only new matter raised is that Plaintiff Den Hollander takes offense at paragraphs 31-33 of our previous response; we raised concerns as to the physical well-being of persons who were involved and prospectively involved in this case.

9. As discussed previously (see **Exhibit B**), records of the Landlord submitted in a previous NY County Surpreme Court action show that Plaintiff Den Hollander has argued with his neighbors

Page 1 of 3

since 1995, and that as far back as 1998 the neighbors had expressed concern about Plaintiff's mental stability and felt threatened by Plaintiff Den Hollander.

10. As far back as November 17, 1998, Mr. Fasano (defendant in this case) expressed concern about his physical well-being. Among the particular reasons was Mr. Den Hollander's issues with gender identity; those who do not fit Mr. Den Hollander's rigid gender roles (such as female judges and gay men) are particular targets of Den Hollander's anger; as an openly gay man, Mr. Fasano was and remains concerned about Den Hollander's obsession with Fasano's body.

11. By 2003, Plaintiff Den Hollander was writing in pleadings of Mr. Fasano's muscular physique and complaining that Mr. Fasano would not wear tight-fitting clothes to court. Understandably, Mr. Fasano was concerned about Mr. Den Hollander's obsession with Fasano's muscles and Mr. Den Hollander's fantasies about Fasano's bedroom habits and Plaintiff Den Hollander's demands in court pleadings that Fasano pay for Den Hollander's bedding.

12. By 2006, Plaintiff was writing a blog which was publicly accessible on the Internet, a sampling of his writing is appended hereto at **Exhibit C.**

13. In itself, the blog is troubling. Some of the discussion (such as how a man in Russia "can find some justice by slapping her around a bit", and the discussion of the Plaintiff's obsession with refrigerator doors opening) takes on greater import to those familiar with the Plaintiff's past history.

14. Plaintiff Den Hollander's discussion on September 2, 2006 of how a man can beat up, rape or kill a woman "providing no one else is present to prevent it" was a topic of some discussion among the Plaintiff's neighbors, and the subject of a conversation defense counsel had with Landlord's counsel.

15. Plaintiff's blog was apparently taken down shortly before Plaintiff Den Hollander embarked on his recent set of media appearances to rail against the evils of "ladies night" at local nightclubs; and his motion in federal court to have a judge recuse herself on the basis of her being a female.

16. While the media has portrayed Plaintiff Den Hollander as a harmless (albeit litigious) flake, we would submit that he is not only potentially dangerous, but has become more so with time.

17. Most recently, at the previous appearance to reschedule this matter, Plaintiff Den Hollander followed defense counsel Paul Steinberg down the hallway and physically assaulted him.

18. The legal insufficiency of Plaintiff's motion is a matter for this court to decide, and the matter before this court is virtually identical to Plaintiff's previous motion. What has changed in the interim is that Plaintiff Den Hollander, who had previously only exhibited threatening behavior to his neighbors, is now comfortable assaulting someone in the hallway of the courthouse.

19. Particularly given that Plaintiff Den Hollander can enter this courthouse without passing through security screening, the most recent evidence of violent tendencies should be of concern to this court, as it is to your Affiant.

Wherefore, Defendants respectfully request that this court deny Plaintiff Den Hollander's motion, grant other and further relief as this court deems just and proper, and that in the event this court does grant any relief to Plaintiff Den Hollander we respectfully request that this court take cognizance of the legitimate concerns for the physical safety of those who must come into contact with Plaintiff Den Hollander.

New York, NY
November 8, 2007

Paul Steinberg, Esq. (Rule 130.1-1)
Atty for Defendants Steinberg & Fasano
14 East 4th Street # 408
New York NY 10012-1141
(212) 529-5400

PAUL W. STEINBERG

ATTORNEY AT LAW

14 EAST FOURTH STREET

NEW YORK, NY 10012-1141

(212) 529-5400

PAULSTEINBERG@NYSBAR.COM

Hon. Frederic Block
United States District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn NY 11201-1818

November 11, 2008

RE:   Roy Den Hollander v. Deborah Swindells Donovan, et. al.
      # 08-CV-4045 (FB) (CLP)

Dear Judge Block:

I am a named Defendant in the above-titled matter. I write to request a pre-motion conference to permit me to file a motion to dismiss.

Defendant Deborah S. Donovan is represented by Ms. Krebs of Gordon & Rees, which has submitted a letter to this court; Ms. Krebs' letter of November 6 sets forth in detail three sound bases for a motion to dismiss, and in the interest of brevity I will respectfully refer the court to Ms. Krebs' analysis.

I would only add that the point raised by Ms. Krebs regarding statements made by counsel in legal proceedings is a valid concern, particularly in instances where there is a vexatious plaintiff with a documented history of pursuing litigation against attorneys who defeat him.

Just as Ms. Donovan submitted portions of Mr. Den Hollander's blog in connection with litigation in federal litigation initiated by Mr. Den Hollander, I submitted portions of the same blog in connection with state court litigation initiated by Mr. Den Hollander (NY Cty Civ. Ct. # 021283/06). That litigation originated as a defamation action against me for statements made in pleadings submitted on behalf of my client (NY Supreme # 116711/2003).  Specifically, in response to the defamation action, I addressed matters relating to Mr. Den Hollander's motivation in bringing suit and also concern for the physical protection of parties whom Mr. Den Hollander was seeking to join in the action. I would also note that I assumed representation in the NY Supreme matter after Mr. Den Hollander brought a motion to discipline my client's previous counsel (the motion was denied by Justice Madden).

Thank you for your consideration.

Respectfully submitted,

Paul Steinberg
Defendant *pro se*