UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____
ROY DEN HOLLANDER,                        :
                                          :
                      Plaintiff,          :
                                          :
                                          :
              v.                          :        Case No.:  08 CV 04045 (FB)(LB)
                                          :
DEBORAH SWINDELLS DONOVAN, PAUL W.        :
STEINBERG, and JANE DOE,                  :
                                          :
                      Defendants.         :
_____   :


REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT
DEBORAH SWINDELLS DONOVAN'S MOTION TO DISMISS AND IN OPPOSITION
TO PLAINTIFF'S CROSS-MOTION TO FILE A SUPPLEMENTAL COMPLAINT

## TABLE OF CONTENTS

**Page**

I.   THE ABSENCE OF COPYRIGHT CERTIFICATES DIVESTS THIS COURT OF
SUBJECT MATTER JURISDICTION. ...................................................................1

    A.   Issuance Of Copyright Registration Certificates Is A Predicate To
Subject Matter Jurisdiction And Does Not Raise A "Novel" Issue Of Law. ......1

    B.   Dismissal Of The Jurisdictionally Defective Claims Is The Appropriate
Disposition. ........................................................................................................2

    C.   Plaintiff's Defective Infringement Claims Should Be Dismissed With
Prejudice. ...........................................................................................................3

II.  PLAINTIFF FAILS TO DEMONSTRATE HIS COMPLAINT SURVIVES
DONOVAN'S FAIR USE ARGUMENT .................................................................4

    A.   Rule 12(b)(6) Dismissal On Fair Use Grounds Is Procedurally Proper............4

    B.   Plaintiff Fails To Demonstrate That The Purpose And Character Of The
Use Was Commercial Or Non-Transformative ..................................................6

    C.   Plaintiff Argument Regarding The Nature Of The Work Fails. .........................7

    D.   Plaintiff's Argument Regarding Amount And Substantiality Actually
Works Against Him. ............................................................................................8

    E.   Plaintiff Has Demonstrated No Adverse Effect On The Essays' Value Or
Use. ....................................................................................................................8

III. THE LITIGATION PRIVILEGE ACCORDS DONOVAN ABSOLUTE IMMUNITY ......9

IV.  DONOVAN IS ENTITLED TO COSTS AND ATTORNEY'S FEES. ............................9

V.   PLAINTIFF'S CROSS-MOTION TO FILE A SUPPLEMENTAL COMPLAINT IS
PROCEDURALLY AND SUBSTANTIVELY DEFECTIVE. .......................................10

CONCLUSION ...........................................................................................................11

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

*Cases*

*3H Enterprises, Inc. v. Dwyre*
182 F. Supp. 2d 249 (N.D.N.Y. 2001) ................................................................ 9

*Agee v. Paramount Communications*
59 F.3d 317 (2d Cir. 1995) ................................................................ 8

*Bartok v. Boosey & Hawkes, Inc.*
523 F.2d 941 (2d Cir. 1975) ................................................................ 8

*Bond v. Blum*
317 F.3d 385 (4th Cir. 2003) ................................................................ 6, 7

*Burnett v. Twentieth Century Fox Film Corp.*
491 F. Supp. 2d 962 (C.D. Cal. 2007) ................................................................ 5

*Caldwell v. Rudnick*
No. 05 Civ. 7382 (NRB), 2006 WL 2109454 (S.D.N.Y. July 26, 2006) .................... 3

*Corbis Corp. v. UGO Networks, Inc.*
322 F. Supp. 2d 520 (S.D.N.Y. 2004) ................................................................ 2

*Cortec Indus., Inc. v. Sum Holding L.P.*
949 F.2d 42 (2d Cir. 1991) ................................................................ 5

*Demetriades v. Kaufman*
680 F. Supp. 659 (S.D.N.Y. 1988) ................................................................ 1, 3

*Getaped.Com, Inc. v. Cangemi*
188 F. Supp. 2d 398 (S.D.N.Y. 2002) ................................................................ 8

*Morris v. Business Concepts, Inc.*
283 F.3d 502 (2d Cir. 2002) ................................................................ 8

*National Assoc. of Freelance Photographers v. Associated Press*
No. 97 Civ. 2267 (DLC), 1997 WL 759456 (S.D.N.Y. Dec. 10, 1997) .................... 2

*Noble v. Town Sports Intern., Inc.*
No. 96 CIV. 4257(JFK), 1998 WL 43127 (S.D.N.Y. Feb. 2, 1998) ........................ 2

*Nwaokocha v. Sadowski*
　369 F. Supp. 2d 362 (E.D.N.Y. 2005) ...................................................................... 11

*Shell v. Devries*
　No. Civ. 06-CV-00318-REB, 2007 WL 324592 (D. Colo. Jan. 31, 2007)............................ 4, 6

*Shell v. Devries*
　No. 07-1086, 2007 WL 4269047 (10th Cir. Dec. 6, 2007)………………………………………..4

*Tabachnik v. Dorsey*
　No. 04 Civ. 9865 (SAS), 2005 WL 1668542 (S.D.N.Y. July 15, 2005), *aff'd*; 257 Fed Appx.
　409 (2d Cir. 2007) .......................................................................................................... 3, 4, 5

*Van Buskirk v. The New York Times Co.*
　325 F.3d 87 (2d Cir. 2003)…………………………………………………………………...........11

**Other**

37 C.F.R. § 201.2(d)(2)(ii) (2008) ................................................................................................ 1

Fed. R. Civ. P. 10(c) ................................................................................................................... 5

Fed. R. Evid. 201(b)(2) ............................................................................................................... 5

Fed. R. Evid. 401 ........................................................................................................................ 7

Fed. R. Evid. 501 ........................................................................................................................ 9

I.    THE ABSENCE OF COPYRIGHT CERTIFICATES DIVESTS THIS COURT OF SUBJECT MATTER JURISDICTION

A.    Issuance Of Copyright Registration Certificates Is A Predicate To Subject Matter Jurisdiction And Does Not Raise A "Novel" Issue Of Law.

Plaintiff admits that he does not have copyright registration certificates for all six essays at issue.   Plaintiff's Memorandum of Law in Opposition to Defendants' Rules 12(b)(1) & (6) Motions To Dismiss ("Opp. Br.") at 22-23.   He presents registration certificates for "An Invisible Weapon," "Some Differences: Men v. Girls," and "Do Men Cause the Wars?," and contends that a copyright registration certificate has been issued for "Stupid frigging fool," which, according to Plaintiff, contains the essay "A Different Time."[1] Opp. Br. at Ex. A.  As to the remaining essays, "Two Sides," and "Fear Corrupts," Plaintiff claims that he filed registration applications, but was advised by the Copyright Office that a backlog was delaying issuance of copyright registration certificates.   Opp. Br. at 22-23. Plaintiff portrays his jurisdictional predicament as presenting a "novel question" of first impression for the Court regarding "whether telephone conversations that two essays are accepted is [sic] sufficient for the maintenance of an action."  Opp. Br. at 23.

Authority in this Circuit, however, establishes that Plaintiff's question is not novel and has already been answered in the negative.  In *Demetriades v. Kaufman*, 680 F. Supp. 659, 661 (S.D.N.Y. 1988), cited by Plaintiff himself, the court observed that it could not adjudicate a copyright infringement claim unless and until the Copyright Office issued a certificate of registration for the works allegedly infringed:

> In the case at bar, plaintiffs only mailed their application for copyright protection to the Copyright Office on February 2.  When this action was instituted (February 8), a certificate of registration had not yet issued.  ***Consequently, this court had no jurisdiction over the***

---

[1]    During the course of this litigation, Donovan acquired a copy of "Stupid frigging fool" and its certificate of registration pursuant to 37 C.F.R. § 201.2(d)(2)(ii) (2008).  The text of "A Different Time" appears in the body of "Stupid frigging fool" but without any separate title.

1

*copyright claim*. (Emphasis added).

Similarly, in *National Assoc. of Freelance Photographers v. Associated Press*, No. 97 Civ. 2267 (DLC), 1997 WL 759456, at *12 (S.D.N.Y. Dec. 10, 1997) (Krebs Decl. Ex. 1)[2], the court squarely held that "an action for copyright infringement cannot be asserted unless a certificate of registration has been *issued*; the mere filing of an application is simply insufficient to support such a claim" (citations omitted) (emphasis in original). *See also Corbis Corp. v. UGO Networks, Inc.*, 322 F. Supp. 2d 520, 521-22 (S.D.N.Y. 2004) (citing "[n]umerous" cases in support); *Noble v. Town Sports Intern., Inc.*, No. 96 CIV. 4257(JFK), 1998 WL 43127, at *1 (S.D.N.Y. Feb. 2, 1998) (Ex. 2).

The jurisdictional rule set forth in the above cases, requiring *issuance* of a certificate of registration as a condition precedent to a copyright infringement suit, easily applies to this case. Because certificates of registration for "Two Sides" and "Fear Corrupts" have not been issued, this Court lacks the subject matter jurisdiction necessary to determine whether Donovan infringed them. Accordingly, Plaintiff's copyright infringement claims with respect to "Two Sides" and "Fear Corrupts" must be dismissed for lack of subject matter jurisdiction.

**B.    Dismissal Of The Jurisdictionally Defective Claims Is The Appropriate Disposition.**

After arguing that his "novel" jurisdictional question precludes dismissal of his infringement claims, Plaintiff implicitly concedes that they are indeed defective by asking this Court to "set aside" the case "until the remaining two certificates are received" so that he can "be permitted to amend the Complaint with the certificates or the registration numbers." Opp. Br. at 23. He then cites *Demetriades* for the proposition that "the cure to an action in which certificates had not yet issued was to amend the complaint when the certificates were received." Opp. Br. at 23.

---

[2]    All exhibits are annexed to the Supplemental Declaration of Diane Krebs, Esq. ("Krebs Decl.").

The holding in *Demetriades* is not as broad as Plaintiff suggests. Indeed, there was no suggestion in *Demitriades* that the case had been held in abeyance while the plaintiff sought to obtain a copyright registration certificate. Rather, the *Demetriades* court merely mentioned that the required certificate had been issued less than one month after the case was instituted, and it thus recognized the plaintiff's amended complaint, filed after the copyright registration certificate was issued, as setting forth a proper jurisdictional basis for the claim. *Demetriades*, 680 F. Supp. at 661.

Here, Plaintiff brought this lawsuit more than six months ago and still no copyright registration certificates have issued. To set the case aside until (and if) the Copyright Office issues the registration certificates – which could, by Plaintiff's own admission, take an inordinate amount of time (Opp. Br. at 22-23) – would unduly delay resolution of this patently frivolous lawsuit. Moreover, the general rule in this Circuit confirms that dismissal of an infringement suit is the appropriate course of action where the plaintiff has failed to proffer copyright registration certificate(s). *See, e.g.*, *Tabachnik v. Dorsey*, No. 04 Civ. 9865 (SAS), 2005 WL 1668542, at *4 (S.D.N.Y. July 15, 2005) (Ex. 3), *aff'd* 257 Fed. Appx. 409 (2d Cir. 2007) (Ex. 4); *Caldwell v. Rudnick*, No. 05 Civ. 7382 (NRB), 2006 WL 2109454, at *2 (S.D.N.Y. July 26, 2006) ("a plaintiff's failure to register a copyright before bringing an infringement action requires dismissal on jurisdictional grounds") (citation omitted) (Ex. 5). Accordingly, the infringement claims must be dismissed.

### C.   Plaintiff's Defective Infringement Claims Should Be Dismissed With Prejudice.

The remaining issue for the Court is whether the dismissal of Plaintiff's jurisdictionally defective infringement claims should be with prejudice. Dismissal with prejudice is warranted here because all of Plaintiff's infringement claims fail on the basis of fair use and/or the litigation privilege. It would this be an unnecessary waste of judicial

3

resources for Plaintiff to be permitted to later reassert these claims, even if the jurisdictional defect is corrected. *See, e.g., Tabachnik*, 2005 WL 1668542, at *4 ("To subject another court to plaintiff's claims would be a waste of judicial resources if the facts alleged by plaintiff cannot support any claim which would entitle him to relief").

## II. PLAINTIFF FAILS TO DEMONSTRATE HIS COMPLAINT SURVIVES DONOVAN'S FAIR USE ARGUMENT

### A. Rule 12(b)(6) Dismissal On Fair Use Grounds Is Procedurally Proper.

Plaintiff mistakenly claims to have found no authority allowing a court to determine fair use on a Rule 12(b)(6) motion.  Yet in *Shell v. Devries*, No. Civ. 06-CV-00318-REB, 2007 WL 324592 (D. Colo. Jan. 31, 2007) (Ex. 6), *aff'd*, No. 07-1086, 2007 WL 4269047 (10th Cir. Dec. 6, 2007) (Ex 7), *cert. den.* 128 S. Ct. 2434 (2008), exactly such a result occurred.[3]  In that case, the plaintiff accused the defendants of, *inter alia*, violating copyright laws when they obtained and copied ten pages of material from the plaintiff's website and "attached the material as exhibits to a motion for attorney fees and costs in [a prior judicial proceeding]." *Shell*, 2007 WL 324592, at *2.  Citing the affirmative defense of fair use, the defendants moved to dismiss the infringement claim pursuant to Rule 12(b)(6).  After conducting a fair use analysis, the magistrate judge stated:

> My analysis of the fair use factors weighs heavily in favor the defendants.  Accepting all well-pleaded allegations as true and construing all reasonable inferences in favor of the plaintiff, the Complaint alleges a fair use of the copyrighted materials.  Therefore, the Complaint fails to state a claim for copyright infringement.  I RECOMMEND that [the copyright infringement claim] be dismissed for failure to state a claim upon which relief can be granted.

*Id.* at *5.  The district court judge adopted this recommendation and dismissed the claim.

*Id.* at *1.  Moreover, the Tenth Circuit affirmed.  2007 WL 4269047, at *1 ("the district court

---

[3]      The veracity of Plaintiff's assertion is suspect, since Donovan cited *Shell* in her moving brief in support of the instant motion ("Mov. Br.") at 14 and indicated in a parenthetical that it involved a Rule 12(b)(6) dismissal, and Plaintiff himself cites to *Shell* in his own brief.

thoroughly examined each of the statutory factors, studied the specific circumstances of the case, and found that they weigh in favor of fair use"). *See also Burnett v. Twentieth Century Fox Film Corp.*, 491 F. Supp. 2d 962 (C.D. Cal. 2007) (granting, in a copyright infringement action, defendant's Rule 12(b)(6) motion upon a judicial finding of fair use).

Notably, *Shell* occurred under identical procedural circumstances as the instant case; the claim of copyright infringement was based on an attachment in a judicial proceeding, which meant the court had before it all the facts and circumstances necessary to support a determination. Similarly, in the present case, the Court has the source material (*i.e.*, the six essays), and all the relevant underlying pleadings from Hollander I (specifically, those from Plaintiff's motion to disqualify Senior District Judge Miriam Goldman Cedarbaum), all on which Plaintiff relied in framing his Complaint.[4] Thus, contrary to Plaintiff's implication, conversion of Donovan's Rule 12(b)(6) motion to one for summary judgment is unnecessary and would only delay resolution of this vexatious litigation. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes"); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("[w]here plaintiff has actual notice of all the information in the movant's papers and has relied up these documents in framing the complaint the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated").[5]

---

[4]     In addition, as explained in Donovan's moving papers, the Court may take judicial notice of the pleadings in *Hollander I. See* Mov. Br. at 7; *see also Tabachnik*, 2005 WL 1668542, at *2 ("Courts may ... take judicial notice of facts within the public domain and public records if such facts and records are 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned'") (quoting Fed. R. Evid. 201(b)(2)).

[5]     As a separate procedural matter, Plaintiff spends several pages in his brief disingenuously claiming that Donovan argued the existence of a "per se" rule in favor of fair use for judicial proceedings. Donovan, however, simply made the correct point that "application of the [fair use] doctrine to the use of a copyrighted work in a judicial proceeding is hardly novel, unprecedented, or without legal foundation." Mov. Br. at 13. Despite Plaintiff's attempt to distort that statement and the citations provided by Donovan in support, nothing said by Plaintiff in his opposition contradicts them. Plaintiff's devotion of more than twice the space to rebut the claim as was spent to make it betrays his fear of the point and his implicit

**B.   Plaintiff Fails To Demonstrate That The Purpose And Character Of The Use Was Commercial Or Non-Transformative.**

Plaintiff's only argument that Donovan's use of the six essays was commercial is his unsupported claim that Donovan's status as an attorney and the desire to win *Hollander I* on behalf of her client renders the use commercial.  Not only does Plaintiff provide no legal support for this conclusion, but the case law cited by Donovan contradicts it.  In *Shell*, 2007 WL 324592, at *4, the defendants' use of the materials on a motion to obtain costs and attorneys' fees was specifically held to be non-commercial.  And in *Bond v. Blum*, 317 F.3d 385, 395 (4th Cir. 2003), *cert. denied*, 540 U.S. 820 (2003), the use of a copyrighted work by the defendant to demonstrate the plaintiff's state of mind in an attempt to win child custody was similarly held to be non-commercial.

With respect to the transformative nature of Donovan's use, Plaintiff insultingly claims that Donovan used the six essays for the same intrinsic purpose as Plaintiff – to "agitate, provoke, incite, foment, stir things up in the culture wars, and create a controversy." Opp. Br. at 16.  Nothing could be further from the truth.  As demonstrated by the *Hollander I* pleadings themselves, and as explained in more detail in Donovan's moving brief, the six essays were used to respond to Plaintiff's motion to disqualify Judge Cedarbaum and reveal the fault and hypocrisy of his argument that she displayed gender bias. This is hardly the same reason Plaintiff wrote his essays in the first place.

Furthermore, contrary to Plaintiff's assertion, Donovan's use of the six essays was patently relevant to the disqualification proceedings in *Hollander I*.[6]  Plaintiff's failure to

---

recognition of its logic.

[6]     It should be noted that nowhere in his opposition papers does Plaintiff cite any source for the proposition that "relevancy to the issues in the case" is a required factor for the fair use test, nor is that factor identified in the test as cited by various courts.  Nevertheless, since the factors are "not meant to be exclusive" but only illustrative (*see* Mov. Br. at 6), and since the six essays were plainly relevant to Plaintiff's disqualification motion in *Hollander I*, Donovan will address the point here.

distinguish between the underlying issue in *Hollander I* (whether Ladies' Nights violated the U.S. Constitution) and the issue in the ancillary proceeding (whether Judge Cedarbaum displayed gender bias and should thus be disqualified) reveals the glaring flaw in his so-called relevancy argument.   As identified above, the six essays were introduced in connection with the latter, not the former.  Thus, Plaintiff's reference to Judge Cedarbaum's final opinion in *Hollander I* to support his relevancy argument is disingenuous, as the opinion stated the six essays were irrelevant in determining whether Ladies' Nights violated his federal rights. As this Court is well aware, evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401. Donovan's submission of the six essays as evidence in opposition to Plaintiff's motion to disqualify Judge Cedarbaum was plainly relevant to unmask Plaintiff's own gender bias and thus attack his credibility and basis for asserting Judge Cedarbaum was biased.

C. **Plaintiff Argument Regarding The Nature Of The Work Fails.**

Plaintiff provides no support for his assertion that fair use is no less likely to be applied when work is factual "commentary" instead of "fictional or fantasy."  To the contrary, that is exactly what all the courts hold; indeed, that is the purpose of this factor in the fair use analysis. This is especially true when, as here, "the use of the work is not related to its mode of expression." *Bond*, 317 F.3d at 396.  Donovan cited the six essays not due to the manner in which Plaintiff expressed himself but for the underlying sentiment itself, which was relevant to properly evaluate his claim of bias and the source from which it sprung.

Plaintiff also contests the proposition that posting six essays on the Internet constitutes publication. *See* Opp. Br. at 5-9.  Plaintiff devotes four pages of argument on this point but neither identifies any cases overruling *Getaped.Com, Inc. v. Cangemi*, 188 F.

7

Supp. 2d 398 (S.D.N.Y. 2002), n or points to any controlling authority supporting his position. Opp. Br. at 5-9.[7] The only binding authority he cites, *Agee v. Paramount Communications*, 59 F.3d 317 (2d Cir. 1995), is inapposite, as it pertains to transitory transmissions of a television program, as opposed to the more enduring (or endurable) form of posting something to the Internet. Indeed, Plaintiff does not deny having posted all six essays to the Internet, and he never indicated that it was only momentary in nature. Moreover, Plaintiff's heavy reliance on Copyright Office Circulars (Opp. Br. at 9) is misplaced. *Morris v. Business Concepts, Inc.,* 283 F.3d 502, 505 (2d Cir. 2002) ("'the Copyright Office has no authority to give opinions or define legal terms, and its interpretation on an issue never before decided should not be given controlling weight'") (quoting *Bartok v. Boosey & Hawkes, Inc.*, 523 F.2d 941, 946-47 (2d Cir. 1975)).

### D.    Plaintiff's Argument Regarding Amount And Substantiality Actually Works Against Him.

To counter Donovan's argument and citation to *Bond* demonstrating that even entire works can be subject to fair use, Plaintiff merely attempts to distinguish *Bond* by claiming in a footnote that the material in *Bond* was relevant to the issue in that case. Yet, as already demonstrated previously, the six essays were relevant to Plaintiff's motion to disqualify Judge Cedarbaum for bias. Plaintiff thus makes Donovan's argument for her.

### E.    Plaintiff Has Demonstrated No Adverse Effect On The Essays' Value Or Use.

For the fourth factor, Plaintiff essentially relies on his improper assessments of the first three factors and attempts to distort Donovan's argument.[8] As Plaintiff's arguments on

---

[7]     Oddly, Plaintiff cites to several sources that have limited or no application to the current situation, such as the Berne Convention and cases and legislative history that were promulgated before the prevalence, or even existence, of the World Wide Web.

[8]     For example, Plaintiff claims Donovan has argued that use of the essays "actually increased the value of them, so the market factor is satisfied." Opp. Br. at 22. Donovan did not say that; the Fourth Circuit said that in *Blum*. Donovan merely recognized the pertinence of that sentiment. Mov. Br. at 13.

8

the first three factors are all faulty, they cannot help sustain Plaintiff's argument on the fourth factor; to the contrary, they defeat it.

## III.    THE LITIGATION PRIVILEGE ACCORDS DONOVAN ABSOLUTE IMMUNITY

Plaintiff all but ignores Donovan's argument regarding the litigation privilege, devoting only one footnote to it in the midst of his argument regarding fair use. Opp. Br. at 11 n.10. This omission is significant, as Plaintiff essentially concedes the point. His only argument in opposition is his claim that the litigation privilege does not apply because it is premised on New York law, and the cases cited by Donovan were not copyright cases. Yet Plaintiff fails to identify any authority precluding application of the litigation privilege in this case. To the contrary, Fed. R. Evid. 501 states that "the privilege of a … person … shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience." The policies underlying the common law litigation privilege are plainly applicable here. If the litigation privilege does not apply, then attorneys like Donovan run the risk of becoming defendants based solely on their zealous advocacy. That is untenable. *See 3H Enterprises, Inc. v. Dwyre*, 182 F. Supp. 2d 249, 260 (N.D.N.Y. 2001) ("[o]ur system requires attorneys to zealously represent their clients, and, in many cases, the public as well. Suits against attorneys for their actions taken in zealously representing their clients must be held to the highest standard").

## IV.    DONOVAN IS ENTITLED TO COSTS AND ATTORNEY'S FEES

Plaintiff seeks to evade an award of costs and attorney's fees in Donovan's favor by portraying his frivolous infringement claims as "novel." Opp. Br. at 23. But Plaintiff's claims are not novel, nor do they seek to clarify the boundaries of copyright law. Rather, they seek to intimidate, harass, and punish Donovan as a form of retribution for her zealous – and successful – defense of her client in *Hollander I*. Plaintiff's decision to operate far outside

9

the bounds of objectively reasonable litigation is amply demonstrated by, *inter alia*, his submission of a Tax Warrant for defendant Paul W. Steinberg that has nothing to do with this case. Opp. Br., Ex. B.

Plaintiff has clearly seized upon this case as an opportunity to create another soapbox for his ideology. *See, e.g.*, Opp. Br. at 20-21. While Plaintiff is perfectly free to hold those beliefs, he is not entitled to launch a frivolous lawsuit as a vehicle to express them. Accordingly, this Court should order Plaintiff to pay costs and attorney's fees.

## V.   PLAINTIFF'S CROSS-MOTION TO FILE A SUPPLEMENTAL COMPLAINT IS PROCEDURALLY AND SUBSTANTIVELY DEFECTIVE[9]

In conjunction with Plaintiff's opposition to Donovan's motion to dismiss, Plaintiff has taken it upon himself to file a cross-motion seeking leave to supplement his Complaint. Plaintiff is only attempting to supplement the nature of relief and damages he seeks in his underlying Complaint.   However, this cross-motion is procedurally and substantively deficient and should thus be denied.

First, as a procedural matter, all motions must comply not only with the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York, but also with the applicable judge's individual motion practices.  Rule 2(A) of the Individual Motion Practices of Senior Judge Frederic Block required Plaintiff to first submit a request for a pre-motion conference.[10] Having failed to comply with this Rule, Plaintiff was without authority to simply file his cross-motion, and it should thus be disregarded.

---

[9]      Although Donovan technically is entitled to file a full and separate 25-page brief with respect to Plaintiff's purported cross-motion, Donovan is combining both briefs into a single document.

[10]     Although Plaintiff is acting *pro se*, he is also an attorney, as he is quick to point out.  Moreover, as identified by Donovan in her pre-motion conference letter of November 6, 2008, and thus as Plaintiff was advised, the Court expected the parties to comply with the pre-motion conference requirement given Plaintiff's status as an attorney.

But even more importantly, as a matter of substance, Plaintiff's request to supplement the Complaint is futile. Plaintiff's motion pertains only to his request for damages and relief; it in no way amends the underlying foundation for his copyright infringement claim. Yet, as demonstrated in Donovan's moving papers and above, that claim cannot be sustained on the merits. Since the cross-motion cannot correct the uncorrectable substantive deficiencies in Plaintiff's claim, any supplement with respect to relief is moot and a waste of judicial resources. *See Nwaokocha v. Sadowski*, 369 F. Supp. 2d 362, 372 (E.D.N.Y. 2005) (Weinstein, J.) ("A court … has discretion to dismiss with prejudice if it believes that amendment would be futile or would unnecessarily expend judicial resources") (citing *Van Buskirk v. The New York Times Co.*, 325 F.3d 87, 92 (2d Cir. 2003)).

## CONCLUSION

For all the foregoing reasons, Donovan respectfully requests that the Court grant its motion to dismiss Plaintiff's Complaint in its entirety, deny Plaintiff's cross-motion, and award Donovan costs and attorney's fees.

Dated:       New York, New York
             April 17, 2009

                                 Respectfully submitted,

                                 GORDON & REES LLP

                                 By: _____
                                     Diane Krebs, Esq. (DK 8280)
                                     Gordon & Rees LLP
                                     Attorneys for Defendant Deborah
                                     Swindells Donovan
                                     90 Broad Street, 23rd Floor
                                     New York, New York 10004
                                     (212) 269-5500 (Phone)
                                     (212) 269-5505 (Facsimile)

11