UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------
ROY DEN HOLLANDER,
                          Plaintiff,

                                                         Case No. 08-cv-4045(FB)(ECF)

       v.

DEBORAH SWINDELLS-DONOVAN,
PAUL W. STEINBERG, and
JANE DOE,
                          Defendants.
-------------------------------------------------------

## STATEMENT OF MATERIAL FACTS

In conjunction with plaintiff Roy Den Hollander's cross-motion for Summary Judgment against defendants Swindells-Donovan and Steinberg and in compliance with E.D.N.Y. Local Rule 56.1, the plaintiff contends there is no genuine issue as to the following facts:

1.      The plaintiff is and has always been the sole owner of all rights under the Copyright Act of 1976 in six essays that he created in a tangible form—<u>A Different Time</u>, <u>Fear Corrupts</u>, <u>Two Sides</u>, <u>Invisible Weapon</u>, <u>Do Men Cause Wars</u>, <u>Some Differences: Men v. Girls</u>. (Den Hollander Decl. ¶¶ 2, 3).

2.      The effective dates of registration of the copyrighted essays with the Copyright Office are for

      a.   <u>A Different Time</u>, which was registered as part of a larger draft work, April 20, 2002, (Den Hollander Decl. ¶ 4);

      b.   <u>Fear Corrupts</u>, <u>Two Sides</u>, <u>Invisible Weapon</u>, <u>Do Men Cause Wars</u>, and <u>Some Differences: Men v. Girls</u> November 13, 2007.  (Den Hollander Decl. ¶¶ 5 - 7).

3.      At some unspecified time, but after all the essays were under the protection of the Copyright Act of 1976 and after <u>A Different Time</u> was registered with the Copyright Office as

part of a larger draft work, defendant Steinberg copied the essays, knowing they were authored by the plaintiff, and gave copies of the essays to defendant Swindells-Donovan, all without the plaintiff's authorization. (Den Hollander Decl. ¶¶ 8 - 10).

4. On October 24, 2007, defendant Swindells-Donovan, knowing the essays had been authored by the plaintiff and without his permission, filed copies of all six essays on the Electronic Case Filing System ("ECF") of the U.S. District Court for the Southern District of New York as an exhibit in opposition to a recusal motion in a federal equal protection case. (Den Hollander Decl. ¶¶ 11, 12).

5. Filing the essays through ECF placed them on the World Wide Web through the U.S. Courts' Public Access to Court Electronic Records ("PACER") and made them available to the general public through the Court's records department. (Den Hollander Decl. ¶ 16).

6. None of the essays filed by Swindells-Donovan were pertinent to the issues on the motion to recuse the judge in the equal protection case. (Den Hollander Decl. ¶¶ 13 - 15).

7. On December 19, 2007, during a hearing on a motion in state court made by the plaintiff to amend a defamation complaint against defendant Steinberg and one of his male clients, Steinberg, knowing the essays were authored by the plaintiff and without the plaintiff's permission, submitted all six essays as an exhibit to his papers opposing the motion to amend the complaint. (Den Hollander Decl. ¶¶ 19, 20, 23). Steinberg submitted the essays after their effective dates of registration with the Copyright Office, which were April 20, 2002 for A Different Time, and November 13, 2007 for the other five essays. (Den Hollander Decl. ¶¶ 4 - 7).

8. On March 11, 2008, in a motion in a different action in a different state court for a default judgment made by the plaintiff against one of Steinberg's male clients for failure to

2

timely file an Answer in a private nuisance action, defendant Steinberg, knowing the essays were authored by the plaintiff and without the plaintiff's permission, filed copies of the six essays as an exhibit to his opposition papers.  (Den Hollander Decl. ¶ 21, 23).  Steinberg submitted the essays after their effective dates of registration with the Copyright Office, which were April 20, 2002 for <u>A Different Time</u>, and November 13, 2007 for the other five essays.  (Den Hollander Decl. ¶¶ 4 - 7).

9. Once the essays were filed by Steinberg in two separate state courts, they were available to the general public and could be copied at a cost.  (Den Hollander Decl. ¶ 22).

10. None of the essays that defendant Steinberg filed in two separate actions were pertinent to the issues in either the motion to amend a complaint or for a default judgment.  (Den Hollander Decl. ¶ 22).

11. Four of the essays that defendants Swindells-Donovan and Steinberg copied, distributed and caused to be displayed bear the copyright mark ©.  (Den Hollander Decl. ¶ 25).

12. Just before defendants Swindells-Donovan and Steinberg filed copies of the six essays in three different courts, the plaintiff had become a public figure that had increased the market value of the essays, which the plaintiff intended to utilize but was prevented from doing so by the defendants making the essays publicly available.  (Den Hollander Decl. ¶¶ 26-28).

Dated: December 12, 2009
      New York, N.Y.

/S/
_____
Roy Den Hollander, Esq.
Attorney and plaintiff
545 East 14 Street, 10D
New York, N.Y. 10009
(917) 687-0652